Filed 4/16/21  In re Adrian H. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

# DIVISION ONE

# STATE OF CALIFORNIA

| | |
|---|---|
| In re ADRIAN H., a Person Coming Under the Juvenile Court Law. | D077906 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J238031) |
| v. | |
| ADRIAN H., | |
| Defendant and Appellant. | |

APPEAL from a dispositional order of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed as modified.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

A petition was filed in the juvenile court alleging Adrian H. (the Minor) committed lewd acts on a child. The Minor admitted one count of committing lewd acts on a child (Pen. Code, § 288, subd. (a)).

At the dispositional hearing, the court committed the Minor to the Division of Juvenile Justice (DJJ) for a maximum term of up to eight years.

After the disposition in this case, the Legislature modified Welfare and Institutions Code[1] section 731. Under the statute, as amended, the court could no longer impose a term in DJJ longer than the middle term of imprisonment that could be imposed upon an adult convicted of the same offense. (§ 731, subd. (c).)

The Minor appeals contending the amendment to section 731 must be retroactively available to cases not final on appeal. The Minor asks that we either vacate the disposition or modify it to conform with the new limitations. The Attorney General has filed a brief conceding the amendment should apply to this case. (*In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*); *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 306-308 (*Lara*).)

We agree with the parties that *Estrada* compels the conclusion that the amendment to section 731, subdivision (c) must be retroactively applied to this case.

We will order the dispositional order modified to reflect six years (the middle term for violating Pen. Code, § 288, subd. (a)). We will affirm the disposition as modified.[2]

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]     Since there are no factual issues presented by this appeal, we will omit the traditional statement of facts.

## DISCUSSION

Where legislation is passed that ameliorates the punishment for an offense, and the Legislature has not specifically rejected retroactive application, the benefits of the change must be made available to those cases that were not final at the time of the enactment of the new legislation. (*Lara, supra*, 4 Cal.5th at pp. 307-308.)

It is not disputed that the Minor's case was not final when the amendment was enacted. Thus, the parties have correctly agreed that the Minor must receive the benefit of the statutory change.

## DISPOSITION

The dispositional order is modified to reflect a maximum commitment to DJJ not to exceed six years. The court shall modify the abstract of judgment accordingly. In all other respects, the dispositional order is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

DATO, J.

3